IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| United States of America | ) | Cr. No.: 3:25-409 |
|---|---|---|
| vs. | ) | **ORDER ON PROSECUTORIAL OBLIGATION** |
| Travis Keith Lang | ) | |
| Defendant. | ) | |

In accord with the Due Process Protections Act and Rule 5(f) of the Federal Rules of Criminal Procedure, this Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence, that is, evidence that favors the defendant or casts doubt on the United States' case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny,[1] and hereby **ORDERS** the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in serious consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

**IT IS SO ORDERED.**

March 7, 2025  
Columbia, South Carolina

s/Paige J. Gossett  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

---

[1] See generally Long v. Hooks, 972 F.3d 442, 456 (4th Cir. 2020) (*en banc*) ("Brady v. Maryland instructs that 'the suppression by the prosecution of evidence favorable to an accused' violates due process where the evidence is 'material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' ") (quoting Brady, 373 U.S. at 87).