IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:25-409-CMC |
| v. | |
| Travis Keith Lang, | Redacted Order[1] |
| Defendant. | |

On May 13, 2025, a federal grand jury issued a Superseding Indictment against Defendant Travis Keith Lang for two counts of threatening the President of the United States, in violation of 18 U.S.C. § 871. ECF No. 47. On May 14, 2025, Lang's attorney raised concerns over Lang's mental competency in a motion for psychiatric or psychological evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). ECF No. 52. Following a hearing, the court ordered Lang committed to the custody of the Attorney General for a period of time not to exceed 30 days to undergo a psychiatric or psychological evaluation after his arraignment on the Superseding Indictment. ECF No. 53. In accordance with such order, Lang was committed to the Federal Detention Center, Miami, Florida ("FDC Miami"). ECF No. 62.[2]

Thereafter, FDC Miami Forensic Psychologist Dr. Lauren Schumacher ("Dr. Schumacher") evaluated Lang's mental health and prepared a ten-page report detailing her

---

[1] This Order is redacted where it refers to details of Lang's diagnosis and/or treatment. The court finds Lang's privacy interest in such information outweighs the public's interest in access to it.

[2] After his arrival, the court received a letter requesting a 15-day extension to complete Defendant's evaluation, as permitted by § 4247(b), with the adjusted period for evaluation to conclude July 23, 2025. The court granted this request.

findings. A copy of Dr. Schumacher's Report is attached to this Order under seal. Dr. Schumacher submitted her report to the court on August 5, 2025, reporting her diagnostic impression of Lang as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Schumacher Report at 6. Dr. Schumacher noted available records and Defendant's self-report ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

The court scheduled a hearing for August 27, 2025, to determine whether, by a preponderance of the evidence, Lang "is presently suffering from a mental disease or defect

2

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." § 4241(d).

In accordance with 18 U.S.C. § 4241(c), the competency hearing was conducted pursuant to the provisions of 18 U.S.C. § 4247(d). Under 18 U.S.C. § 4247(d), Lang had the following at the hearing: (1) attorney representation; (2) the opportunity to present evidence; (3) the opportunity to subpoena witnesses on his behalf; and (4) the opportunity through counsel to confront and cross examine the witness who appeared at the hearing. § 4247(d).

The prosecutor, Lang, and Lang's counsel were present in the courtroom for the hearing, while Dr. Schumacher was present by video conferencing. The prosecution and defense examined Dr. Schumacher. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Based upon the record in this case and the evidence presented at the hearing, the court finds by a preponderance of the evidence Lang is mentally incompetent to the extent he is currently unable to understand the nature and consequences of the proceedings against him or to assist

3

properly in his defense. 18 U.S.C. § 4241(d). Although Lang has a good factual understanding of the legal system, his reasoning is impaired when applied to his own case. For example, he understands the role of defense counsel, but is unable to participate meaningfully ████████ ████████████████████████████

The court further finds Lang should be committed to the custody of the Attorney General who shall hospitalize Lang in a secure medical facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. The court also concludes that if Lang is rendered competent, a further evaluation pursuant to 18 U.S.C. § 4242 should be performed.

THEREFORE, IT IS ORDERED Lang is committed to the custody of the Attorney General to determine if he may be restored to competency. Accordingly, the Attorney General shall hospitalize Lang for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether a substantial probability exists that, in the foreseeable future, Lang will attain the capacity to permit the proceedings to go forward (This four-month period shall run from the time Lang arrives at the federal medical facility of the Bureau of Prisons where he is to be evaluated and treated.). It is further recommended Lang's designation be expedited and he be sent to the Federal Medical Center located at Butner, North Carolina ("FMC Butner"). Counsel for Lang shall have access to Lang at all reasonable hours (to include telephone contact).

FURTHER, IT IS ORDERED (a) that such examination be (1) for the purpose of determining whether Lang continues to suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; (2) for the purpose of determining whether there is a substantial probability that with an additional reasonable period of treatment he will attain the capacity to permit the proceedings to go forward; and (3) for the purpose of determining whether Lang was criminally responsible at the time of the crimes charged in the Superseding Indictment; (b) that such examination shall be conducted by a licensed or certified psychiatrist; (c) that if the designated psychiatrist determines that a further psychological examination is necessary to complete the report, he or she is authorized to engage the services of a psychologist provided such psychologist is a licensed or certified clinical psychologist; (d) that an opinion of a licensed psychiatrist as to competency and criminal responsibility is needed and, if incompetent, as to restoration of competency.

FURTHER, IT IS ORDERED that upon completion of the examination herein requested, the examiner(s) prepare a full report, such report to include all of the following:

(1)  Lang's history and present symptoms, if any;

(2)  a description of the psychiatric, psychological, and medical tests that were employed and their results;

(2)  the examiners' findings;

(3)  the examiners' opinion as to diagnosis, prognosis, and

  (a) whether Lang is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

5

and consequences of the proceedings against him or to assist properly in his defense; and

(b) whether with an additional reasonable period of treatment there is a substantial probability Lang will attain the capacity to permit the proceedings to go forward; and

(c) whether Lang was criminally responsible at the time of the crimes charged in the Superseding Indictment.

██████████████████████████████████ If Lang refuses prescribed medication which a psychiatrist believes is substantially likely to restore his competency to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the psychiatrist, in the report, shall address in detail the factors set forth in *Sell v. United States*, 539 U.S. 166 (2003), including:

(1) whether the involuntary administration of the prescribed medication is substantially likely to render Lang competent to proceed;

(2) whether such administration is unlikely to have side effects that will interfere significantly with Lang's ability to assist counsel;

(3) whether alternative, less intrusive treatments are likely or unlikely to achieve substantially the same results; and,

(4) whether the administration of the medication is medically appropriate.

FURTHER, IT IS ORDERED, that no statement made by Lang in the course of the examination, no testimony by any expert or other witness based on such statement, and no other fruits of any such statement may be admitted into evidence against Lang except on an issue regarding mental condition.

FURTHER, IT IS ORDERED, the experts and other personnel who conduct the examination and evaluation of Lang are permitted to write or fax the Government and/or defense any requests for additional materials or information relevant to the examination and evaluation of Lang.

The time necessary for this psychiatric examination and treatment is excluded under 18 U.S.C. § 3161(h)(1)(A) of the Speedy Trial Act. The court requests the report be forwarded to the court no later than the end of the four-months evaluation/treatment period. A status conference in this matter will be set within fourteen days of the end of such period.

If, at the end of the time period specified, it is determined Lang's mental condition has not so improved as to permit the proceedings to go forward, it is ORDERED that the director of the facility in which Lang is hospitalized shall certify whether Land is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and whether suitable arrangements for State custody and care are not available pursuant to 18 U.S.C. § 4246(b).

The Clerk of Court is directed to forward a copy of the unredacted Order and Attachment to the following agencies: United States Bureau of Prisons, United States Marshals Service, United States Probation Office, United States Attorney's Office and Defense Counsel.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
August 27, 2025