**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4485

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TRAVIS KEITH LANG,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:25-cr-00409-CMC-1)

Submitted: January 26, 2026             Decided: February 6, 2026

Before HARRIS, HEYTENS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David Alan Brown, Sr., DABROWNLAW, LLC, Rock Hill, South Carolina, for Appellant. Jonathan Scott Matthews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Keith Lang appeals the district court's order finding that he was incompetent to stand trial and ordering that he be committed to the custody of the Attorney General under 18 U.S.C. § 4241(d)(2) to determine if he may be restored to competency. The district court found that Lang had a solid factual understanding of the legal system but lacked a rational understanding of how it applied to his own case. Specifically, as a result of the delusions caused by his "Delusional Disorder, Mixed type, continuous," Lang lacked the capacity "to appreciate the criminal case against him and to assist in his defense." The court based its conclusion on the unrebutted testimony of Dr. Lauren Schumacher, a forensic psychologist who evaluated Lang. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal but questioning whether the district court clearly erred by finding Lang incompetent and committing him to the custody of the Attorney General.

"The Due Process Clause of the Fifth Amendment prohibits the federal government from trying and convicting a mentally incompetent defendant." *United States v. Basham*, 789 F.3d 358, 379 (4th Cir. 2015). "Title 18, United States Code, Section 4241(a) provides that the district court shall conduct a competency hearing and/or order the defendant to undergo a psychiatric evaluation 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent.'" *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013) (quoting 18 U.S.C. § 4241(a)). "If, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect

2

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).

We review a district court's competency determination for clear error. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005). We have reviewed the record and found no error, let alone clear error, in the district court's order finding Lang incompetent and committing him to the custody of the Attorney General in accordance with the provisions of § 4241(d). We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*